## ADLER v BRICKER et

Ohio Appeals, 2nd Dist, Franklin Co

No 2598.   Decided Feb 13, 1936

Sol J. Krohn, Cleveland, and Young, Meyer & Young, Cleveland, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, and Horace S. Kerr, Special Master Commissioner, Columbus, for defendants in error.

**OPINION**

By BARNES, PJ.

In line with previous decisions of this court the finding and judgment of the lower court is sustained. Our latest announcement will be found in the unreported case of **Gilbert Bettman, Plaintiff v The Southern Surety Company of New York et, Defendants,** No. 2419, decided August 29, 1934, Franklin County, (17 Abs 667) motion to certify in Supreme Court overruled. Therein we followed three cases of this court all reported:

**McGhee, Attorney General v Casualty Company of America, 15 Oh Ap, 457.**

**Hogan, Attorney General v Empire State Insurance Co., 8 Oh Ap, 172.**

**State ex v Union Casualty Co., 8 Oh Ap, 285.**

In each of the cases the principle was announced that the $50,000.00 fund held by the Superintendent of Insurance is primarily for the benefit of Ohio policyholders. Applying this principle we at once ascertain that Helen Adler, while a citizen of Ohio, held no contract of insurance at all. Her rights against The Commonwealth Casualty Company were by reason of the omnibus clause in the policy issued to Sidney Z. Zentner of Pennsylvania. Under the statute the claimant is subrogated to all the rights of the insured. This means that the claim of Helen Adler can rise no higher than the contractual rights

of Sidney Z. Zentner under his Pennsylvania contract of insurance.

Being a Pennsylvania contract Zentner could have no standing had he paid the judgment and then made application for participation in the $50,000.00 fund with the Ohio Superintendent of Insurance.

This court, as late as November 22, 1935, in the case of Lawson v Bricker, Attorney General, No. 2548, Franklin County, (20 Abs 643), determined some phases of the right of participation in the $50,000.00 fund with the Superintendent of Insurance. In this case application to certify is now pending. (Motion to certify overruled 2-26-36).

Counsel for plaintiff in error urge that since the judgment creditor, Miss Adler, is an Ohio resident; that the car inflicting the injuries was being operated in Ohio; that judgment on personal service was obtained in Ohio, that she should be permitted to participate in the Ohio fund.

As heretofore stated this court has uniformly held to the contrary.

Finding no error in the judgment of the court below same will be affirmed at costs of plaintiff in error.

Exceptions may be allowed.

HORNBECK and BODEY, JJ, concur.